## SOUTHERN PAC. CO. v. STEPHANY.

(Circuit Court of Appeals, Ninth Circuit. February 3, 1919.)

No. 3189.

1. CARRIERS ⟨⟩104—ACTION FOR DELAY OF SHIPMENT—EVIDENCE.

Where the bill of lading required the carrier to transport the goods with reasonable dispatch, it was not error, in an action for delay, to admit testimony of the shipper that he was told by defendant's clerk, through whom the shipment was made, when it would reach its destination.

2. APPEAL AND ERROR ⟨⟩248—REVIEW—NECESSITY OF EXCEPTIONS.

Only rulings to which exceptions were duly taken can be reviewed by the appellate court.

3. EVIDENCE ⟨⟩155(8)—ADMISSION OF PART OF WRITING—RIGHT TO INTRODUCE ENTIRE WRITING.

The rule that, when part of a writing is given in evidence by one party, the whole on the same subject may be introduced by the other, is subject to the limitation that no more of the remainder than concerns the same subject and is explanatory of the portion admitted is receivable.

In Error to the District Court of the United States for the Second Division of the Northern District of California; Jeremiah Neterer, Judge.

Action at law by Hilmar Stephany against the Southern Pacific Company. Judgment for plaintiff, and defendant brings error. Affirmed.

A. A. Moore and Stanley Moore, both of San Francisco, Cal., for plaintiff in error.

Jay Monroe Latimer, of San Francisco, Cal. (J. E. Pemberton, of San Francisco, Cal., of counsel), for defendant in error.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

GILBERT, Circuit Judge. The defendant in error obtained a judgment against the plaintiff in error for $1,000 as damages for delay in the transportation of goods shipped from San Francisco to New York on August 29, 1916, the goods not having been delivered until October 6, 1916.

[1] Error is assigned to the admission of plaintiff's testimony that at the time of the shipment, in a conversation with the defendant's clerk, through whom the shipment was made, he said:

"I inquired how long this shipment would take to New York City from here, and he told me 15 days. In the conversation I told him I wanted these goods to arrive there for the purpose of reaching certain trade that was in New York in September, 1916, and to whom I expected to sell these goods."

It is contended that it was error to admit this testimony, for the reason that the written contract superseded any verbal agreement. The bill of lading provided:

"No carrier is bound to transport said property by any particular train or vessel or in time for any particular market or otherwise than with reasonable dispatch, unless by specific agreement indorsed hereon."

This bound the carrier to transport the goods with reasonable dispatch. The court, in submitting the case to the jury, limited their inquiry to the question whether the shipment was delivered by the defendant within a reasonable time. The written contract did not forbid the plaintiff to inquire what was a reasonable time, or what was the usual time for such a shipment, and that was what the testimony amounted to. We see no error in its admission.

Error is assigned to the admission of plaintiff's testimony that the value of the goods in New York 15 or 20 days after they were shipped from San Francisco was $6,000. In the bill of lading their value was stated to be $113. The bill of lading provided that:

"The amount of any loss or damage for which any carrier is liable shall be computed on the basis of the value of the property at the place and time of shipment under this bill of lading, including the freight charges, if paid."

[2] It is urged that the bill of lading limits damages to the value as stated therein, and N. Y. & Norfolk R. R. v. Peninsula Exchange, 240 U. S. 34, 36 Sup. Ct. 230, 60 L. Ed. 511, L. R. A. 1917A, 193, is cited. But the question whether or not the amount recoverable for delay was limited by the bill of lading is not properly before us, for it was never presented to the court below. It was not involved or suggested in the objections to the admission of the testimony that the value of the goods in New York was $6,000. Those objections were that the testimony was immaterial, irrelevant, incompetent, and speculative, and that no foundation had been laid therefor. The court instructed the jury that the measure of damages would be the necessary expense incurred by plaintiff by reason of the delay and the difference between the fair market value of the goods at New York at the time they should have been delivered to the plaintiff and the time when they were delivered to the plaintiff. No exception was taken to this or any portion of the charge. We can consider only the rulings of the trial court to which exceptions were duly taken.

[3] The plaintiff introduced in evidence a portion of a letter which he had received from an agent of the defendant. The defendant assigns error to the refusal of the court to admit in evidence the remainder of the letter, and invokes the rule that, when a part of a writing is given in evidence by one party, the whole on the same subject may be given in evidence by the other. That rule is subject to the limitation that no more of the remainder of the letter than concerns the same subject and is explanatory of the portion admitted is receivable in evidence. 3 Wigmore, p. 2860; Jones on Evidence, § 294. The first part of the letter which was introduced in evidence referred to the delay between San Francisco and Galveston, and said:

"The actual handling of this shipment shows that it was about 15 days en route San Francisco to Galveston, as against a schedule for like freight during normal times of about 10 days."

The remaining portion of the letter was subject to objection as self-serving, and it related only to the delay after arrival at Galveston. It was, therefore, not erroneously excluded.

Error is assigned to the admission of testimony of certain items of the plaintiff's expenses in New York as elements of damages, but on final submission of the case to the jury those items were by the court excluded from their consideration. This cured the error.

The judgment is affirmed.