NORMAN SCHWARTZ and Another, Appellants, *v.* JOHN FLETCHER, Respondent.

First Department, June 20, 1933.

*Harold H. Levin* of counsel [*Mortimer Riemer* with him on the brief; *Harold H. Levin*, attorney], for the appellants.

*Earl C. Berger* of counsel [*E. C. Sherwood*, attorney], for the respondent.

MERRELL, J. Plaintiffs brought this action setting forth in their complaint five causes of action arising from a collision between an automobile driven by the plaintiff Rosalind Schwartz, and in which the plaintiff Norman Schwartz was a passenger, with an automobile driven by the defendant. The plaintiffs are husband and wife. On the evening of November 1, 1931, the plaintiffs were riding in a Pontiac sedan automobile 1931 model which had been loaned to them by one Howard Conant of Bridgeton, Maine,

on the White Plains-Tarrytown road, a four-lane public highway of the State passing through Elmsford, N. Y. The weather at the time of the accident was clear and the roadway dry. While the car in which the plaintiffs were riding was being driven by the plaintiff Rosalind Schwartz on the extreme right-hand lane, traveling westward, at a speed of about twenty miles per hour, the defendant, who was traveling in the opposite direction, turned his Chevrolet car across the road on the wrong side of the road. A police officer patroling the highway saw the approach of the car driven by the defendant and blew a warning whistle, but was unable to check the course of the defendant's car, which continued on its way, striking the plaintiffs' car head on. Although more than an hour after sunset, there were no lights at the time on the defendant's car. The plaintiffs' car did not leave the extreme right lane of the highway. As the result of the collision the Pontiac car in which the plaintiffs were riding was totally wrecked. It was thereafter towed to a nearby garage at Elmsford, and later was sold for $102, shown by expert testimony to be its fair value in the condition in which it was following the accident. Conant, the owner of the car, had purchased the same on March 2, 1931, for $920.55, and had driven it between 8,000 and 9,000 miles. The Pontiac car had never been in a prior accident, and was unmarred and in excellent condition, both as to its motor and general appearance immediately prior to the accident. In the car which was wrecked the plaintiff Norman Schwartz had his suitcase, which was so damaged as the result of the collision as to become worthless and his personal clothing and wearing apparel was so damaged as to become unusable. The undisputed evidence was that the plaintiff Norman Schwartz had paid $90 for the suit and $35 for the suitcase, which he had had for only three months. Prior to the accident the suitcase was in good condition, but was rendered worthless by means of being gashed as the result of the accident. Within a few days after the accident, Conant, the owner of the wrecked automobile, executed a written assignment of all his right, title and interest in the cause of action against the defendant arising from injury to his car.

In their complaint the plaintiffs allege five causes of action against the defendant. The first and third causes of action set forth in the complaint were to recover damages for personal injuries which the plaintiffs allege they sustained as the result of the defendant's negligence. In the fifth cause of action set forth in the complaint the plaintiff Norman Schwartz seeks to recover of the defendant damages for loss of services of his wife as the result of the injuries sustained by her and for expenses incurred in the employment of a servant and other expenses incurred by him for medical

aid and attendance for his said wife in consequence of the injuries which she received. The second cause of action set forth in the complaint was to recover upon the assigned claim for injuries to the automobile. The fourth cause of action was to recover for injuries to the wearing apparel and personal property of the plaintiff Norman Schwartz as the result of the negligence of the defendant in operating his automobile. Prior to the trial, the first, third and fifth causes of action set forth in the complaint were settled by the payment to the plaintiffs by the defendant of the sum of $1,000. The second and fourth causes of action remaining were tried by the court and jury at a Trial Term, Part XII, of the Supreme Court. At the close of the plaintiffs' testimony the justice presiding at the trial dismissed both the cause of action upon the assigned claim of the owner to the plaintiff Norman Schwartz as well as the fourth cause of action set forth in the complaint for damages to the clothing and personal property of the plaintiff Norman Schwartz. The ground stated by the learned justice presiding at the trial for granting defendant's motion to dismiss the complaint as to said two causes of action was that there was no proof of any consideration for the assignment of the automobile damage claim from the owner to the plaintiff Norman Schwartz.

We think the court erred in dismissing the complaint for failure of proof. The undisputed testimony at the trial clearly established that the accident occurred as the result of the negligence of the defendant, and there was no evidence whatever showing any act of contributory negligence on the part of either plaintiff. At the time of the accident the defendant was driving his Chevrolet car on the wrong side of the road in violation of subdivision 2 of section 67 of the Vehicle and Traffic Law. At the time the accident occurred, which was about an hour and a half after sunset, the defendant was driving his car without lights, in violation of subdivision 2 of section 15 of the Vehicle and Traffic Law. Such violations on the part of the defendant were acts of negligence. As was said by CARDOZO, J., in *Martin* v. *Herzog* (228 N. Y. 164, at p. 168): " We think the unexcused omission of the statutory signals is more than some evidence of negligence. It *is* negligence in itself."

The price at which the car was purchased shortly prior to the accident, coupled with evidence that, at the time of the accident, the car was unmarred, its motor running smoothly and in excellent condition, furnished some evidence, at least, of the value of the car when the accident occurred.

" The price received upon a genuine sale either of property or of services is some evidence of value [citing cases]. There was thus a

question for the jury. The evidence might well have been ampler, but some evidence there was." (*Triangle Waist Co.* v. *Todd,* 223 N. Y. 27, 31.)

We think the trial court clearly erred in dismissing the complaint on the ground that the assignment from Conant to the plaintiffs of the claim for damages for injuries to his car was invalid for lack of consideration. The court should have submitted to the jury the question of the time and validity of the execution of such assignment. We think ample consideration for the assignment was shown. But even assuming that there was no consideration for the assignment, it does not lie with the defendant to object. In *Sheridan* v. *Mayor* (68 N. Y. 30) the Court of Appeals said (at p. 32): " Nor is it of any moment that no consideration was paid for the demand by the assignee. The assignor could give the demand to the plaintiff, or sell it to him for an inadequate consideration, or without any consideration. It is enough if the plaintiff has the legal title to the demand, and the defendant would be protected in a payment or recovery by the assignee." The motive prompting the assignment is entirely immaterial. In *Hoppe* v. *Russo-Asiatic Bank* (200 App. Div. 460) it was said (at p. 465): " As to the motive of the assignor in making the assignment or the consideration given therefor, it is well settled (5 C. J. 940) that ' it is of no importance to the debtor what motives influenced the assignor in making the assignment,' whether it was for the ' purpose of more convenient enforcement * * * or to avoid an incapacity of the assignor to bring an action ' [citing cases]." At the trial, counsel for the defendant objected to the admission of the written assignment in evidence on the ground that it was not dated and on the further ground that it was not the best evidence. Such objections were overruled and the paper received in evidence. The evidence clearly showed that the assignment was executed within ten or twelve days after the accident occurred. It was for the jury to say whether the testimony of plaintiffs' assignor was entitled to credence.

The plaintiff " is entitled to the most favorable inferences to be drawn from the testimony when a motion to dismiss is made." (*Cohen* v. *Consolidated Gas Co.,* 137 App. Div. 213.)

The only interest which the defendant had with reference to the assignment was to be protected from another action for the damages caused to the automobile. Conant testified that he had assigned his interest in the car as set forth in the second cause of action. That certainly was sufficient to estop the assignor from setting up a second claim against the defendant. Inasmuch as it did not lie with the defendant to question the motive of the transfer, and since the testimony would have justified the jury in finding that the assign-

ment was executed in time, the defendant, in any event, would be protected from another suit by the assignor's appearance and the testimony given by him at the trial.

Even assuming that the assignment was, for any reason, irregular, the plaintiffs, as bailees, were entitled to recover damages to the car which they had borrowed from the owner, Conant. It is undisputed that the plaintiffs were in lawful possession of the Conant automobile at the time of the accident. The testimony shows that the owner had loaned his car to the plaintiff Norman Schwartz. Bailees of personal property are entitled to recover damages thereto while the property is in their possession. Such was the plain ruling of the Appellate Division in *Corcoran* v. *Huntington Lumber & Coal Co.* (211 App. Div. 803) in which the court said: "The action is to recover for damage to an automobile in possession of plaintiff as bailee at the time of the accident. He was trying the car out with the intention of purchasing it, and as matter of fact thereafter paid for the car, which was never returned to the possession of the former owner. The action for damages to the automobile might be maintained by bailor or the bailee. But one action can be maintained, and a recovery by one party is a bar to an action by the other. (*First Commercial Bank* v. *Valentine*, 209 N. Y. 145, 150; *Green* v. *Clarke*, 12 id. 343, 352; *Baird* v. *Daly*, 57 id. 236, 245; *Thompson* v. *Fargo*, 49 id. 188, 191.)" We are, therefore, of the opinion that, under the testimony, the jury would have been justified in rendering a verdict for damages to the plaintiffs upon the second cause of action, either as assignees of the owner's claim for damage or as bailees of the car.

Not only did the justice presiding at the trial dismiss the complaint as to the second cause of action, based upon the alleged assignment of the claim for damages to the car, but dismissed the plaintiffs' fourth cause of action for damages to the personal property of the plaintiff Norman Schwartz. The fourth cause of action was entirely independent of the second cause of action, and the assignment under which the plaintiffs sought to recover for damages to the car had nothing whatever to do with the damages sought by the plaintiff Norman Schwartz for damages caused to his personal property, as set forth in the fourth cause of action. The damages to the said plaintiff's personal property were amply proven. In *Hawver* v. *Bell* (141 N. Y. 140) the Court of Appeals said (at p. 142): "That the price paid for these articles when new furnished some evidence of their value at the time of their conversion, their age and condition being described, cannot be doubted." Therefore, the proof offered as to the amount paid by the plaintiff for his clothing and suitcase, destroyed as the result of the collision, was

some proof of their value at the time of the accident. The negligence on the part of the defendant was amply proven and there was no basis for a denial of recovery to the plaintiff Norman Schwartz upon the fourth cause of action set forth in the complaint.

The judgment dismissing the complaint should be reversed and a new trial should be granted, with costs to the appellants to abide the event.

FINCH, P. J., MARTIN and SHERMAN, JJ., concur; McAvoy, J., taking no part.

Judgment reversed and a new trial ordered, with costs to the appellants to abide the event.