CERVIN v. W. T. GRANT CO.
No. 8623.

Circuit Court of Appeals, Fifth Circuit.
Dec. 1, 1938.

154

D. B. Eades of Dallas, Tex., for appellant.

Harry P. Lawther and R. M. Perry, both of Dallas, Tex., for appellee.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

SIBLEY, Circuit Judge.

Jack Haynes sued W. T. Grant Company for a negligently inflicted personal injury. He died before trial and his administrator lost by a jury verdict. The sole error claimed is the refusal of the court to admit in evidence the deposition of Jack Haynes touching the manner and extent of his injury, which deposition had been taken at the instance of the defendant-appellee. The rejection was on the ground that the deposition had not been taken according to any federal statute, and that those statutes control the admissibility of evidence in a federal court.

The facts about the deposition are these: The suit was filed in a State court June 22, 1936. The defendant, as was its right under State practice, desired to take the deposition of the plaintiff, Haynes. To facilitate this, counsel for both parties on July 15th signed a stipulation thus worded: "It is agreed * * * that the deposition of said witness may be taken without the notice, service and issuance of commission, and that all formalities with reference to the manner and form of taking and the returning of the same are hereby expressly waived. It is further stipulated and agreed that any and all objections to questions propounded and the answers thereto need not be made at the time of the taking of said deposition but may be made upon the trial of said cause; and said deposition when so taken and returned into court may be used by either party hereto the same as though all legal formalities had been strictly complied with." The witness was examined orally by counsel for both parties before a notary public on July 15th. His testimony was written out by the stenographer, and on July 29th was signed and sworn to by the witness in the presence of the notary, who additionally made the usual certificate of the proceeding and filed it in the United States Court, to which on July 20 the defendant had removed the cause. Jack Haynes died March 28, 1937. On May 8th following, the defendant in writing moved in the federal court to suppress the deposition on the sole ground that the witness had refused to answer the question: "Who was with you on that occasion?" In resistance to the motion to suppress the administrator pleaded that the motion came too late; and that Haynes did testify that only one person was with him, and that the defendant knew who it was, and had since talked with him and taken his statement, and could not have been harmed by the refusal to name him; that the defendant had at the time the means of compelling an answer if it were proper and by having failed to act for a long time had waived all right to complain. By a formal written judgment the motion to suppress was denied in these words: "The court having heard said motion and the contest thereto and the evidence introduced in connection therewith and the argument of counsel is of the opinion that the motion should be overruled." A few days later the trial came on and the deposition was offered as the first evidence for plaintiff. The objection made was that since Haynes at the time the deposition was taken did not live more than a hundred miles away, and was not aged or infirm or about to depart from the country, there was no federal

law to authorize the taking. That objection was sustained. An attempt was also made to renew the motion to suppress.

■ The trial judge could rightly refuse to go again into the motion to suppress, for it had been denied by a formal judgment. We might refuse to review that judgment because no cross-appeal has been taken. We prefer, however, to say that we uphold the refusal to suppress. If compelling Haynes to name his companion was at the time deemed important, the defendant should have acted accordingly and sought the aid of the court to force an answer. If because there was no commission from the court the matter must be deemed to rest only on the agreement to take the testimony, the remedy was to declare the agreement broken and to refuse to proceed. Instead of doing either defendant continued to examine Haynes at great length, suffered the deposition to be put in form and to rest in the files of the court under the agreement for several terms and until Haynes was dead. The purpose of taking it was no doubt to commit Haynes to a version of his case so as to prepare to meet it and to hold him to it in his testimony at the trial. The name of his companion was not apparently thought a matter of great consequence. The defendant thus enjoyed the entire advantage on its part of the agreement to take the testimony. It ought not to be allowed to deprive the plaintiff of the benefit promised him that the "deposition so taken and returned into court may be used by either party hereto the same as though all legal formalities had been strictly complied with."

■ The question of the admissibility of the evidence on the trial is separate from that of suppressing the deposition, and depends upon the federal law. In dealing with it the deposition must by reason of the agreement be treated as though "all legal formalities had been strictly complied with", that is, as though the defendant had given notice, sued out a commission and obtained its formal execution. That the defendant removed the case to the federal court before the return was completed but after the witness had been fully examined would not defeat it. The testimony stands as taken and preserved according to the State law. On a trial in the federal court it would of course not be usable by the plaintiff if he were in life

and lived within one hundred miles of the court; but having died, the federal law allows his deposition to be used. 28 U.S.C.A. § 641. That it was taken under a State law before removal makes it as good a preservation of the testimony as if taken de bene esse under the federal law afterwards, as this court held in U. S. Life Ins. Co. v. Ross, 5 Cir., 102 F. 722. That conclusion is the more just in this case where the objecting party took the testimony, consenting that either side might use it. Parties by their conduct and especially by their agreements may make that admissible which might not otherwise have been, especially after the death of the witness renders a more regular taking of his evidence impossible. Compare Shutte v. Thompson, 82 U.S. 151, 15 Wall. 151, 21 L.Ed. 123; Rich v. Lambert, 12 How. 347, 13 L.Ed. 1017; Howard v. Stillwell & B. Mfg. Co., 139 U.S. 199, 11 S.Ct. 500, 35 L.Ed. 147; Northern Pac. Ry. Co. v. Urlin, 158 U.S. 271, 15 S.Ct. 840, 39 L.Ed. 977. We think this deposition should have been read.

■ It is argued that the evidence was only cumulative, that two other witnesses testified to the same things, and that substantial justice has been done, citing Rule 61 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and 28 U.S.C.A. § 391. Haynes, walking along a city sidewalk, fell over a trap door which led to the defendant's cellar and which was suddenly pushed up in front of him without timely warning, as he alleged. A main contention was that he was warned by a man on the sidewalk who was about to lower some goods into the cellar, and that Haynes was himself negligent in stepping on the door. This man, introduced by plaintiff as a witness, testified that he gave timely warning. Haynes' companion testified that Haynes had already stepped on the door and it was rising when the warning was given. Haynes in his deposition also said the latter. The case went to the jury with the two plaintiff's witnesses contradicting each other on this point. There were no other witnesses on it. Haynes' testimony as to when he heard the warning might have been regarded as breaking the equilibrium on this, a critical point in the case. If Haynes had been present and the court had refused to allow him to tell how it happened no one could think he had been given his rights. Since we

have held the deposition to be admissible, its rejection amounts to the same thing. We cannot hold it harmless error.

The judgment is reversed and the cause remanded for further consistent proceedings.