JAYNE v. MASON & DIXON LINES, Inc.
(two cases).

No. 100.

Circuit Court of Appeals, Second Circuit.

Dec. 23, 1941.

318

Francis J. Nicosia, of Brooklyn, N. Y., for Mary and Edmund Jayne.

Harold L. Fierman, of New York City, and Kaye, Scholer, Fierman & Hays, of New York City (Milton Kunen, of New York City, of counsel), for defendant.

Before L. HAND, CLARK, and FRANK, Circuit Judges.

L. HAND, Circuit Judge.

The defendant appeals from a judgment against it for damages for personal injuries suffered by the plaintiff, Mary Jayne, in a collision between its motor truck, with a trailer attached, and a motor car in which she was being driven by her husband. Both she and he brought the action, and the case was tried to a jury which brought in a verdict against him and for her. The defendant raises the following points: (1) That the verdicts were inconsistent and cannot stand; (2) that the evidence did not support a verdict; (3) that the judge erred in excluding a piece of documentary evidence. The facts in brief were as follows. The plaintiffs' motor was moving south upon a two-lane highway in New York, which sloped slightly to the south and curved very slowly to the west. The defendant's truck and trailer were coming north; and the collision was between the left forward mudguard of the motor and the left rear wheel of the trailer. The plaintiffs' testimony was that the trailer and the truck "jackknifed" just as the motor was passing and the trailer suddenly veered over upon their half of the road; by "jackknifed" they merely meant that instead of keeping in line, the two vehicles made an angle with each other. The jury may not have accepted this version of the collision—which indeed does seem somewhat improbable—and they did not have to do so, because there was ample evidence, especially from the location of the broken glass, that the motor did not leave the west half of the road. They might therefore have found that in coming along the curve the driver of the truck had allowed the trailer to encroach upon that half of the road. Section 67(2) of the New York Vehicle and Traffic Law, Consol. Laws, c. 71, provides that persons driving motors who meet other "vehicles" "shall reasonably turn * * * to the right of the center of such highway so as to pass without interference." Violation of this law has twice been held to be actionable. Schwartz v. Fletcher, 238 App.Div. 554, 265 N.Y.S. 277; Fitzgerald v. Middlebrook, 249 App.Div.

701, 291 N.Y.S. 193. We have all suffered repeatedly from this dangerous practice, and it will support a recovery. See Bragdon v. Kellogg, 118 Me. 42, 105 A. 433, 6 A.L.R. 669. There is therefore no substance in the defendant's argument that there was no evidence of fault against it.

As to the supposed inconsistency between the verdict for the wife and that against the husband, it is easily understood. The jury may well have concluded that for the husband to drive his car into collision with the trailer in plain sight was negligent, even though the trailer was over upon his half of the road, and that, since each fault contributed to the collision, the husband's barred his recovery. Not so, as to the wife, to whom his fault was not to be imputed. We do not mean to imply however that we should have thought it fatal to the wife's recovery if no rational reconciliation of the verdicts was possible. Dunn v. United States, 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356, 80 A.L.R. 161.

The last point is the exclusion of evidence, and it arose as follows. The defendant called its driver who testified that the collision had happened upon a straight stretch of road. Upon cross-examination the plaintiffs produced an official form which he had filled out after the collision as the law required, and which had at its bottom a model diagram of a road with a curve at one end. The driver had marked the motor and trailer as in collision upon the curved part, and the plaintiffs tore off the diagram and put it alone in evidence to contradict him. Later the defendant offered another part of the report which had been just above the diagram and in which the driver, in complying with the printed direction: "Give brief and clear account of accident," had written: "Highway straight, road wet, #1 travelling N. #2 South. #2 travelling fast down grade applied brakes to slow down, skidded to left crashing into left side of trailer." This the judge excluded as incompetent; and the defendant insists that it was admissible because it was connected with the diagram and explained it. It is true that the words, "Highway straight," were competent, but the offer included much more; indeed it condensed the driver's whole version. It was clearly incompetent and it would have been an error to admit it. Southern Pac. Co. v. Stephany, 9 Cir., 255 F. 679. Besides, there was really no doubt that the collision was on the curve. The only im-

partial witness—a State Trooper—who fixed the spot, put it there, and most, if not all, the witnesses agreed that when the truck and trailer pulled up after the collision it was where the "Old Road" came in, which tended to confirm the trooper. Thus, the exclusion of the only part of the report which was competent could not have affected the result.

Judgment affirmed.

CHARLES E. CLARK, Circuit Judge (concurring in the result).

I am distressed by the statement in the opinion that the excluded evidence was clearly incompetent and that it would have been error to admit it, for to my way of thinking it clearly should have been admitted—indeed, that the court's act was of that type of harsh exclusionary ruling which we have found so troublesome recently. Commercial Banking Corp. v. Martel, 2 Cir., Dec. 1, 1941, 123 F.2d 846; United States v. White, 2 Cir., Dec. 1, 1941, 124 F.2d 181. And the statement runs counter to our admonition in United States v. White that "admission seldom does any harm, while exclusion often proves extremely embarrassing in sustaining a judgment fundamentally just." The authority cited in its support does no more than beg the question so far as our present situation is concerned, for that case merely says—with reference to quite different facts —that the rule that when a part of a writing is given in evidence by one party, the whole on the same subject may be given in evidence by the other is subject to the limitation that no more of the remainder of the writing than concerns the same subject and is explanatory of the portion admitted is receivable in evidence. The question for us is which applies, the main rule or the limitation—and this, of course, leaves considerable freedom of choice, as the various examples collected in 7 Wigmore on Evidence, 3d Ed.1940, § 2113, show. My brothers, I suggest, sacrifice the rule to expand the limitation.

Here the driver, after marking a not very apt printed diagram (and marking it to show the place of collision seemingly *before* the curve of the diagram), added his practical explanation of the occurrence; it is harsh, indeed, to separate that explanation into small component parts of two words each, of which one is receivable and the rest are to be rejected. The diagram he had marked did show the path of

the other car north to south, and it seems to me he was clearly entitled to show that the road was wet and down grade, as he here explains. Actually we do not get a fair and honest picture of the state of the driver's mind at the time unless we accept the ambiguous drawing only with his direct explanation which accompanied it. The plaintiff should take the statement cum onere; she should not have her cake and eat it, too. Further, as a practical matter, the plaintiff would have undue advantage from the semiofficial nature of the document if the defendant is restricted to cutting out and offering two words only of it, as though the rest were poisonous. Finally there is no way here that the defendant might have guessed at the anomaly of the two admissible words out of the whole sentence; for the peremptory ruling sustaining the objection "self-serving" to the entire statement gave no hint of such a result. Under the circumstances it would have been hardy counsel, indeed, who thereafter would have tried to get the document in piecemeal. The whole episode, I believe, was not within the spirit of modern trials and the wide rule of admissibility stated in Federal Rules of Civil Procedure, rule 43(a), 28 U.S.C.A. following section 723c.

How much effect this may have had on the trial is, as usual, difficult to conjecture. But since the whole matter was thoroughly tried out and the driver testified in full, I am willing with some hesitation to treat it as an error, which under F. R. C. P. rule 61 we should overlook.