Elof MALM, Plaintiff,

v.

**UNITED STATES LINES COMPANY,**
Defendant.

No. 62 Civ. 2094.

United States District Court
S. D. New York.

Jan. 19, 1967.

Fields, Rosen, McElligott & Auslander, New York City, Thomas P. McElligott, New York City, of counsel, for plaintiff.

Kirlin, Campbell & Keating, New York City, Joseph M. Cunningham, New York City, of counsel, for defendant.

WEINFELD, District Judge.

The jury was instructed to report separately a general verdict on the issues of unseaworthiness and negligence. The jury returned a verdict in favor of the plaintiff on the negligence claim. There was ample evidence to support this verdict. The fact that the jury found against the plaintiff on the unseaworthiness claim does not invalidate its verdict on the negligence claim. Inconsistent jury verdicts upon different counts or claims are not an anomaly in the law, which at times recognizes a jury's right to an idiosyncratic position,[1] provided

1. Cf. Dunn v. United States, 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356 (1931); Siebrand v. Gossnell, 234 F.2d 81, 88– 89 (9th Cir. 1956); International Longshoremen's & Warehousemen's Union v. Hawaiian Pineapple Co., 226 F.2d 875,

the challenged verdict is based upon the evidence and the law.[2] While the general verdict which the jury was required to report appears to render Rule 49 of the Federal Rules of Civil Procedure inapplicable, even were it applicable, there is no basis for disturbing the jury's verdict, since its findings are reconcilable.[3] The jury could well have found that the hatch opening was necessary in order to permit completion of loading operations and final inspection, and in that circumstance the mere existence of the open hatch area was not an unseaworthy condition; yet the jury also could have found that the first mate, who had instructed the plaintiff to make the final check and had been in the area some time before the plaintiff fell down the hatch opening, and aware of the condition, was negligent, among other respects, in failing to warn the plaintiff thereof. Accordingly, the motion to set aside the verdict and for a directed verdict in favor of the defendant, or in the alternative for a new trial, is denied.

■■ The issue of maintenance and cure was submitted to the court under a stipulation of the parties. Upon all the evidence the court finds that plaintiff has failed to sustain his burden of proof on this issue. The court finds that the plaintiff reached maximum recovery on October 27, 1962, up to which date payment was made by the defendant for maintenance and cure. The various fit and unfit for duty statements, which at times appear in conflict, are not conclusive.[4] It may be urged that the court's

determination, when viewed against the amount of the damage award, is somewhat inconsistent with the jury's verdict. However, again, the jury was the fact finder on that issue.

---

881 (9th Cir.), cert. denied, 351 U.S. 963, 76 S.Ct. 1026, 100 L.Ed. 1483 (1956); Stephenson v. Steinhauer, 188 F.2d 432, 436 (8th Cir. 1951); Jayne v. Mason & Dixon Lines, 124 F.2d 317, 319 (2d Cir. 1941); Gordon v. Parker, 83 F.Supp. 43, 44 (D.Mass.), aff'd, 178 F.2d 888 (1st Cir. 1949).

2. "[J]uries are not bound by what seems inescapable logic to judges." Jackson, J. in Morissette v. United States, 342 U.S. 246, 276, 72 S.Ct. 240, 256, 96 L.Ed. 288 (1952). Cf. Jayne v. Mason & Dixon Lines, 124 F.2d 317 (2d Cir. 1941);

Gordon v. Parker, 83 F.Supp. 43 (D. Mass.), aff'd, 178 F.2d 888 (1st Cir. 1949).

3. See Gallick v. Baltimore & Ohio R.R., 372 U.S. 108, 83 S.Ct. 659, 9 L.Ed.2d 618 (1963); Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd., 369 U.S. 355, 82 S.Ct. 780, 7 L.Ed.2d 798 (1962).

4. Stanovich v. Jurlin, 227 F.2d 245, 246 (9th Cir. 1955); Koslusky v. United States, 208 F.2d 957, 959 (2d Cir. 1953); Diaz v. Gulf Oil Corp., 237 F.Supp. 261, 265 (S.D.N.Y.1965).