**Petro AYALA, Plaintiff,**

v.

**MOORE–McCORMACK LINES, INC.,
Defendant.**

**No. 68 Civ. 1690.**

United States District Court,
S. D. New York.

June 16, 1972.

Rolnick, Tabak, Ezratty & Huttner, New York City, for plaintiff.

Hyde, Dickerson & Reilly, New York City, for defendant.

## MEMORANDUM

GURFEIN, District Judge.

This is a motion to set aside the verdict and to grant the defendant a new trial because the verdict is inconsistent and because the verdict is excessive. This action was brought by a seaman to recover for injuries sustained aboard the vessel MORMACLAKE. The jury returned a special verdict in favor of the defendant on the unseaworthiness claim and in favor of the plaintiff on the negligence claim. It found damages for the plaintiff in the sum of $27,500.

The defendant contends that the verdict is inconsistent. The issues of fact involved were whether there was wet paint rendering slippery a life boat into which the plaintiff had been ordered to climb and whether this condition was a proximate cause of the injury. The defendant argues that since the presence of fresh paint was the vital link in support of both unseaworthiness and negligence, the jury could not logically have found that there was no wet paint in considering the unseaworthiness claim and have found that there was wet paint in considering the negligence claim. The unseaworthiness upon which the plaintiff lost, it is further argued, was easier to prove than the negligence upon which the plaintiff won.

The form of the special verdict, however, went beyond the defendant's argument of inconsistency, for each of the questions put on unseaworthiness and negligence included the issue of proximate cause or contributory cause. The first question put to the jury was:

"1. Has the plaintiff proved by a fair preponderance of the evidence that the MORMACLAKE was unseaworthy and that such unseaworthiness was a proximate cause of the plaintiff's injuries?"

The second question was:

"2. Has the plaintiff proved by a fair preponderance of the evidence

that the defendant shipowner was negligent and that such negligence was a contributory cause, in some part, of the plaintiff's injuries?"

The Court charged differently on proximate cause in the unseaworthiness claim and in the negligence claim. The Court charged:

"Now we must next consider a matter referred to in the law as 'causation.' Not every injury that follows from an accident necessarily results from the accident. If I am in an automobile accident today, and I catch a cold tomorrow, that doesn't mean my cold is a result of the automobile accident; that's simple enough to understand.

"In this respect we have two different rules to consider here. There is a different rule as to proof of causation under the Jones Act and a different rule applicable to a claim of unseaworthiness.

"Under the Jones Act claim, the negligence claim, an injury or damage is considered caused by an act or failure to act whenever it appears from a preponderance of the evidence in the case that the act or omission played any part, no matter how small, in bringing about or actually causing the injury or damage.

"I will repeat that. No matter however small.

"However, with respect to the unseaworthiness claim, it is necessary for the plaintiff to show that the act or omission to show the condition of unseaworthiness played a substantial part in the bringing about of, or actually causing the injury to him, and also, that the injury was a direct result or a reasonably probable consequence of the act or omission."

■ The Supreme Court has instructed us that "[w]here there is a view of the case that makes the jury's answers to special interrogatories consistent, they must be resolved that way. For a search for one possible view of the case which will make the jury's finding inconsistent results in a collision with the Seventh Amendment." Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd., 369 U.S. 355, 364, 82 S.Ct. 780, 786, 7 L.Ed.2d 798 (1962). See also Malm v. United States Lines Co., 269 F.Supp. 731 (S.D.N.Y.), aff'd on opinion below, 378 F.2d 941 (2 Cir. 1967). Inconsistencies in a special verdict must certainly be viewed on no stricter standard than special interrogatories accompanied by a general verdict. Cf. Fed.R.Civ.P. 49(b).

■ Here, since the inconsistency can be reconciled upon the differing standards of proximate cause in the unseaworthiness claim and contributory cause in the Jones Act claim, the reconciliation must be made.

While the defendant does not specifically raise again the contention that the case should have resulted in a directed verdict for the defendant, I have considered that in the context of the motions made.

While I have grave doubts as to whether the life boat had been painted at all, "[r]esolution of issues of credibility is out of place in determining a motion for judgment notwithstanding the verdict; in Jones Act cases at least, the issue is whether, '[looking] only to the evidence and reasonable inferences which tend to support the case of [the non-moving party],' there was sufficient evidence to go to the jury." Compton v. Luckenbach Overseas Corp., 425 F.2d 1130, 1132 (2 Cir.), cert. denied, 400 U.S. 916, 91 S.Ct. 175, 27 L.Ed.2d 155 (1970). The plaintiff himself testified that there was fresh paint on the life boat floor and seats, and two seamen from other ships testified that they had actually painted fiberglass life boats. There is patently great opportunity for fraud in cases like this, but we must abide by the rule that it is for the juries to ferret it out, not for the judges.

Assuming liability, the Court does not find a verdict of $27,500 excessive since

there was evidence that the plaintiff has already lost wages and may be partially disabled for the rest of his working life, in addition to suffering pain.

The motions to set aside the verdict and for a new trial are denied. Judgment may be entered accordingly.

It is so ordered.