OPINION OF THE COURT
William Ritholtz, J.
In this motion, defendant, New York City Transit Authority (Transit Authority), seeks summary judgment dismissing the complaint as a matter of law. The act arises from injuries allegedly sustained by plaintiff on March 19, 1980, when she was struck by shattered glass from a window of a bus on which she was riding.
Defendant’s previous application for such relief was denied without prejudice for failure to submit an affidavit by a person having knowledge of the facts. The instant application is similarly defective notwithstanding the annexed affidavit of one James E. Wilson, Assistant Supervisor, Buses and Shops of the New York City Transit Authority. Mr. Wilson’s affidavit refers generally to the type of bus involved in the incident rather than to the specific vehicle in question. Whether this or other buses of the same year and model were in conformity with safety regulations when purchased is not the salient inquiry, as defendant implies. Rather, an issue of fact is presented as to whether the window glass of the bus in question conformed to safety standards on the day of the incident.
The cases cited by defendant as authority for establishing its freedom from liability all involve subway trains as opposed to buses. This distinction is relevant since buses, *294 unlike trains, are subject to the additional requirements of section 375 of the Vehicle and Traffic Law. Courts have maintained that failure to comply with equipment and safety standards as provided in the Vehicle and Traffic Law constitutes negligence (McAllister v Adam Packing Corp., 66 AD2d 975; Schwartz v Fletcher, 238 App Div 554). Such failure to comply is a factual matter and precludes dismissal of the complaint.
The Transit Authority asserts that it owes no duty to protect its passengers from assaults by third parties absent a “special relationship” between plaintiff and the Authority (Weiner v Metropolitan Transp. Auth., 55 NY2d 175). However, what constitutes this “special relationship” and whether or not it existed between the parties are not the relevant inquiries in this action. The general duty of a municipality to provide police protection to its citizens (Weiner v Metropolitan Transp. Auth., supra; Florence v Goldberg, 44 NY2d 189) or water for fire extinguishing (Moch Co. v Rensselaer Water Co., 247 NY 160) cannot be equated with the Transit Authority’s obligation to provide shatter proof window glass on buses. The latter mandate flows specifically from the Vehicle and Traffic Law, which provides a scope of responsibility dissimilar to the general duty of a municipality found in the above-cited cases. Due to its very nature, a municipality is shielded from over-broad liability with respect to obligations peculiar to it in its public function. Unlike the duty to provide city services, the requirements stated in subdivisions 11, 14 and 16 of section 375 of the Vehicle and Traffic Law are not limited in their application solely to municipalities and their agents. The shield behind which defendant seeks refuge bears no relation to any limitation of liability which may arise due to the peculiar responsibilities of a municipality.
The legal issues cannot be properly narrowed by excluding consideration of the Vehicle and Traffic Law, as defendant has sought to do. Furthermore, there remain questions of fact to be determined at trial, and which are inappropriate for summary disposition.
Accordingly, for the reasons stated in this order, defendant’s motion for summary judgment dismissing the complaint is denied.