GEORGE LORENZ, Respondent, *v.* WILLIAM J. CONNERS, Appellant.

Fourth Department, November 9, 1926.

Motor vehicles — action for injuries suffered when plaintiff jumped from defendant's motor truck after driver lost control while going down hill — plaintiff was engaged to act as chef for outing for defendant's employees — instructions — error for court to charge that as matter of law it was negligence for driver to lose control — question should have been submitted to jury.

In an action to recover damages suffered by the plaintiff who was engaged by the defendant to act as chef at an employees' outing, in which it appears that the

* Since amd. by Laws of 1926, chap. 513.— [REP.

plaintiff jumped from defendant's auto truck while it was going down hill and after the driver had lost control thereof, it was error for the court to charge, as a matter of law, that it was negligence for the driver to lose control of the automobile under the circumstances of the case, for whether or not it was negligence to lose control of the automobile was a question of fact that should have been submitted to the jury.

APPEAL by the defendant, William J. Conners, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Erie on the 15th day of June, 1926, upon the verdict of a jury for $1,000.

*Donovan & Raichle [Frank G. Raichle* of counsel], for the appellant.

*William E. Barrett [James O. Moore* of counsel] for the respondent.

PER CURIAM. This action was brought to recover damages for personal injuries claimed to have been sustained by plaintiff on the 20th day of August, 1924, when he jumped from an auto truck owned by the defendant and driven by his chauffeur. The truck was carrying food supplies to an outing of defendant's employees. Plaintiff was to act as chef in serving the food which was being transported on defendant's truck. As they were proceeding along the highway toward their destination the driver of the truck was obliged to go down a steep hill, and lost control of the truck, and finally the driver jumped and advised plaintiff to jump, which he did, sustaining the injuries complained of.

In submitting the case to the jury the learned trial court said: " In reference to the alleged negligence of the defendant I will say this to you: The losing of the control of this car under the circumstances described by the chauffeur, no matter what that loss of control came from, was a negligent act."

The defendant duly excepted to this charge.

We think the learned trial court fell into an error in thus disposing of the question of the negligence of defendant's servant. The question of such negligence should have been left to the jury on all the evidence.

The judgment should be reversed on the law and a new trial granted, with costs to appellant to abide the event.

All concur. Present — HUBBS, P. J., CLARK, SEARS, CROUCH and TAYLOR, JJ.

Judgment reversed on the law and new trial granted, with costs to appellant to abide event.