CHARLES H. MCCORMICK, as Administrator, etc., of ELIZABETH MCCORMICK, Deceased, Respondent, *v.* S. BURT MERRITT, Appellant.

Fourth Department, May 22, 1931.

*John W. Hollis*, for the appellant.

*George A. King* and *James O. Sebring*, for the respondent.

EDGCOMB, J. Upon the theory that defendant's negligence caused the death of Elizabeth McCormick, a girl ten years of age, her administrator has been awarded a judgment for the pecuniary damages which have been sustained by her next of kin by reason of her demise.

At the time of her death decedent was a passenger in a Ford truck, which was being driven down a steep hill in the town of Prattsburg, Steuben county, by the Rev. Stanley Harker. It is claimed by the respondent, and strenuously denied by the appellant, that the defendant owned the truck in question at the time of the accident, and that he had given Mr. Harker permission to use the same. These questions, as well as Harker's negligence, were left to the jury, and by the verdict which was rendered were resolved in favor of the plaintiff.

Appellant urges upon this appeal not only that the evidence fails to sustain the findings of the jury upon these three propositions, but also that prejudicial errors crept into the case in the admission of certain evidence and in the charge of the trial judge.

The car in question was an ordinary ton and a half Ford truck. It was equipped with a Warford gear, a mechanism which was designed to give to the old style Ford car a standard shift and additional power. This contrivance was so constructed that when the car was in neutral, the foot brake was not effective. While Mr. Harker was an experienced driver and had operated auto-

mobiles of various makes for many years, he had never driven one equipped with this particular kind of a gear.

It is conceded that defendant's wife gave Mr. Harker permission to use the truck on the occasion in question for the purpose of taking a number of children into the country to gather firewood to be used the following day at a church picnic. Whether she had authority from her husband so to do is a much mooted question. Before starting on the fatal trip the operation of this particular mechanism was explained to Mr. Harker by a mechanic who was familiar with it.

On his return to Prattsburg from the country Mr. Harker reached the top of a steep hill; he made an effort to shift into second gear, but before he succeeded in getting the gears back into mesh, the truck reached a sharp decline, and began to rapidly pick up speed. He attempted to use the foot brake, but it was ineffective, because the car was in neutral; the truck continued to gain momentum; the driver applied the emergency brake, and while this reduced the progress of the car somewhat, it was unavailing to bring the truck to a stop, and it continued on down the hill at a speed variously estimated at from thirty-five to sixty miles an hour. All this time Mr. Harker was frantically endeavoring to get the car back in gear, and to stop it. A State road crossed the highway near the bottom of the hill. Mr. Harker attempted to take a turn toward Bath, which appeared to him to be the safer and broader of the two, but in so doing a wheel broke, or something happened, which caused the car to overturn, and decedent was crushed and killed.

The jury could have found Harker negligent because he lost control of the car. (*Lorenz v. Conners*, 218 App. Div. 199.) If defendant owned the truck at the time of the accident, and if he had given Mr. Harker permission to drive it, Harker's negligence would be attributable to defendant. That, we think, would have been the limit of appellant's liability. The trial court, however, permitted the jury to hold the defendant negligent if they found that there was any defect in the truck when it was loaned to Mr. Harker. This, we think, was error. There is no evidence of any flaw in the brakes, or other parts of the car. The trial court so instructed the jury. The Warford gear is a standard mechanism, and is adapted for use on a Ford car. It did not make the truck defective, and its use, standing alone, cannot be made the basis of negligence.

In its charge the trial court read the provisions of the Vehicle and Traffic Law relative to the speed at which a motor vehicle shall be driven upon the highways of this State (§ 56, subd. 1,

¶ c), and the duty of the operator upon approaching a curve where his view is obstructed to slow down and give a timely signal with bell, horn or other signaling device (§ 67, subd. 1), and told the jury that a violation of either provision of the statute constituted a negligent operation of the car. The evidence warrants, if it does not compel, a finding that the truck in question ran down this hill for a distance of at least a quarter of a mile at a rate of speed in excess of twenty miles an hour, the limit of speed prescribed for a motor truck of two tons capacity or under, and that it did not slow down or sound any born as it rounded this corner. The jury were permitted to find a verdict for the plaintiff if they found that the driver violated either of these two provisions of the Vehicle and Traffic Law, provided there was any causal connection between the disregard of the statute and the accident itself. In the face of such instructions, it is difficult to see how any jury could exculpate the operator of the truck.

Concededly the disregard of a statute is a negligent act on the part of the violator, and, if there is such a direct connection between the non-observance of the law and the injury which has been received as to make the transgression a part of the act which caused the injury, such violation in and of itself would constitute a basis of recovery, assuming, of course, that the injured party was in no way to blame for the accident. If the provisions of the Vehicle and Traffic Law which were read to the jury are applicable to the situation in hand, the trial court was correct in permitting a verdict to be based upon the violation thereof. We think, however, that these sections have no application to the facts in this case, and that they were never passed to take care of a situation such as is disclosed by this record.

As before noted, all the time that the truck was coming down this hill it was beyond the control of the driver. Its speed was not due to any voluntary act upon his part, but solely to the grade of the highway. Harker was doing everything in his power to stop the truck. He was not driving the car at an excessive rate of speed before he reached the brow of the hill. In his attempt to put the truck in second gear, which was an act of caution, he put it in neutral. Due to his unfamiliarity with the mechanism and his failure to realize that this condition would release the foot brake, the car attained such speed that it was impossible to get it back in gear, or to stop it, although he was using every effort so to do. He did not willfully, or heedlessly omit the safeguards prescribed by the statute for the protection of others. When the statute speaks of the rate of speed at which a motor vehicle can be driven on a highway, and the manner in which it should be

operated on approaching a curve, it refers to an occasion where the driver has control of the movement of the vehicle, and can regulate the same as he wills. It does not apply to a runaway car, the speed of which is beyond the control of the driver, and which is entirely dependent upon the grade of the highway over which it is passing at the moment. While one can be held liable for his failure to perform some duty which the Legislature has imposed upon him for the protection of others, he cannot be made responsible for his neglect to fulfill an obligation which is placed on others rather than on himself.

We think that the statute in question has no application to the situation shown by this record, and that the jury should not have been permitted to find the driver of this truck negligent because he violated the requirements of the Vehicle and Traffic Law which were read to the jury.

A serious error occurred in the admission of evidence. Mr. McCormick, the father of decedent, was permitted to testify that he had no property or money except what he earned. The amount of damages to which the plaintiff was entitled could not be affected by the father's poverty. Compensatory damages alone are recoverable in an action of this character, and the penury or riches of decedent's father had nothing to do with the amount which would compensate him and his wife for the pecuniary loss which they sustained by reason of the untimely death of their daughter. The receipt of this evidence was prejudicial error. (*Lipp* v. *Otis Brothers & Co.*, 161 N. Y. 559; *Alberti* v. *N. Y., L. E. & W. R. R. Co.*, 118 id. 77; *Cumming* v. *Brooklyn City R. R. Co.*, 104 id. 669; *Barnes* v. *Keene*, 132 id. 13; *Madigan* v. *Town of Schaghticoke*, 143 App. Div. 887, 889; *Purcell* v. *Duncan Co.*, 107 id. 501; *Schwanzer* v. *Brooklyn Heights R. R. Co.*, 18 id. 205; *Mannion* v. *Hagan*, 9 id. 98.)

Counsel well knew that this evidence was incompetent, and it is apparent that his only purpose in offering it was to play upon the sympathy of the jury. Such conduct has been repeatedly condemned by the courts. Attorneys who persist in getting before the jury incompetent evidence for ulterior purposes should understand that their conduct will imperil any verdict which they may obtain. (*Cherry Creek Nat. Bank* v. *Fidelity & Casualty Co.*, 207 App. Div. 787, 791; *Harris* v. *Eakins*, 201 id. 257, 260; *Cox* v. *Continental Ins. Co.*, 119 id. 682; *Loughlin* v. *Brassil*, 187 N. Y. 128, 135.)

We do not pass at this time upon the question whether the evidence is sufficient to sustain the finding that defendant owned the truck at the time of this accident, and that he gave his permission to Mr. Harker to use it, each of which questions, at best,

are close, but prefer to leave such inquiry to be determined upon the evidence which may be adduced upon another trial, which must be had because of the prejudicial errors above pointed out.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and CROSBY, JJ.

Judgment reversed on the law and a new trial granted, with costs to appellant to abide the event.