ANDREW SENCHACK, Respondent, v. THEODORE STERLING, Appellant. ANDREW SENCHACK, JR., an Infant, by His Guardian ad Litem, ANDREW SENCHACK, Respondent, v. THEODORE STERLING, Appellant. LIONEL FRANK, an Infant, by His Guardian ad Litem, H. SEATON FRANK, Respondent, v. THEODORE STERLING, Appellant. H. SEATON FRANK, Respondent, v. THEODORE STERLING, Appellant.— Four separate negligence actions based upon the same accident were brought — two by infants to recover for personal injuries and for property damage, and two by parents to recover damages for medical expenses and loss of services; and by stipulation all were tried together. The jury rendered verdicts in varying amounts for all plaintiffs. In each case an order was made and entered denying defendant's motion to set aside the verdict and for a new trial. On appeal, defendant claims only that certain alleged errors in the court's charge require that the judgments and orders be reversed. The principal alleged error was that as plaintiff Frank, Jr., violated the provisions of section 81, subdivision 15, Vehicle and Traffic Law, and such violation constituted negligence, the trial justice should not have charged that the violation of the statute was *prima facie* evidence of negligence but its probative force might be overcome by proof that such violation was not a proximate producing or contributing cause of the accident. There was no exception to this part of the charge. The rule as stated was correct. (*Clark* v. *Doolittle*, 205 App. Div. 697; *Brown* v. *Shyne*, 242 N. Y. 176; *Corbett* v. *Scott*, 243 id. 66, and *Carlock* v. *Westchester Lighting Co.*, 268 id. 345.) We find no error in the record. Judgment and order in each case unanimously affirmed, with one bill of costs. Present — Hagarty, Davis, Adel, Taylor and Close, JJ.

FANNIE SINGER, Individually and as Executrix, etc., of HYMAN SINGER, Deceased, Respondent, v. HARRIS LICHTMAN, Appellant, and Others, Defendants.— Order denying motion of defendant Lichtman to dismiss the complaint reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. Since the plaintiff is not the borrower, she may not maintain an action in equity for the cancellation or recovery of the usurious instruments without alleging payment, or a tender of payment, of the amount actually received by the deceased. (*Buckingham* v. *Corning*, 91 N. Y. 525; *Lubetkin* v. *Stern & Co., Inc.*, 223 App. Div. 770.) In the absence of such allegations the complaint fails to state facts sufficient to constitute a cause of action. This determination is without prejudice to the commencement by the plaintiff of an action at law to recover the proceeds of the insurance policies, if such a cause of action exists. Hagarty, Carswell, Johnston, Taylor and Close, JJ., concur.

VICTORIA VOGEL, Respondent, v. FRANK LAISO, Appellant.— In a negligence action, judgment of the County Court of Rockland county in favor of the plaintiff reversed on the law, with costs, and the complaint dismissed, with costs. Plaintiff was a passenger in the taxicab owned by the defendant. In alighting, she put her hand on the metal upright post between the front and the rear doors. While she was in that position, another passenger, who had alighted before her, slammed the door, injuring plaintiff's fingers that were around the upright post. The law imposed no duty on the driver to anticipate the unusual happening. Hagarty, Davis, Adel, Taylor and Close, JJ., concur.