EARL R. DOOLEY, Appellant, *v.* THE STATE OF NEW YORK, Respondent.

(Claim No. 24414.)

Third Department, June 22, 1938.

*Ray T. Hackett,* for the appellant.

*John J. Bennett, Jr., Attorney-General* [*James H. Glavin, Jr., Assistant Attorney-General; Frederick M. Garfield,* of counsel], for the respondent.

PER CURIAM. Claimant appeals from a judgment of the Court of Claims which dismissed his claim against the State arising from personal and property damages received when the automobile which he was driving came into collision with a maintenance truck owned by the State and operated by Theodore Preisler, an employee, under the direction and control of the Department of Public Works. The injuries were received on March 3, 1936, at about eight-thirty o'clock in the morning, when the visibility was good, on Vestal avenue, a street running east and west in the city of Binghamton, about fifteen feet westerly from Park creek bridge, which had a span along the avenue of thirty-five and one-half feet and was thirty feet and three inches wide between the north and south curbs. The street as it approached the bridge on each side was of the same width. The street and bridge on the day in question were very slippery due to snow and ice. The north half (fifteen feet) of the flooring of the bridge had been removed in connection with breaking an ice jam, and barriers had been erected closing the north half of the street, so that all traffic passed over the southerly fifteen feet of the bridge. Claimant was proceeding easterly, and his right-hand side of the street and bridge was open. The State driver was proceeding westerly. His right-hand side of the street was closed by the barrier. When claimant was sixty feet west from the bridge and barrier, the State truck and its driver were one hundred and fifty feet east from the bridge. Claimant applied his brakes and had nearly stopped his automobile when the State truck, which was being driven at a higher rate of speed, came over upon the southerly half of the street over which claimant had the right of way, and collided with him, inflicting serious bodily injuries and wrecking the automobile. For several hundred feet easterly from the bridge the vision of the driver of the State truck, who was not a witness on the trial, was unobstructed and had he looked he could have seen both the barrier on his side of the street and the claimant as he approached. The claimant had the right of way. (Vehicle and Traffic Law, § 82, subd. 5.) The violation of that statute by the driver of the State truck was the proximate cause of the accident and claimant's injuries.

Claimant received multiple contusions and abrasions of the chest, abdomen, knees and over the right eye. He suffered from pain in his right testicle, back and head. His teeth were loosened and

some of them broken. Later he suffered pain in the lower intestines and lower back and had trouble in urinating. There was an angulation in his spine between the fourth and fifth lumbar vertebræ. The tilting of the spine caused a neuritis of the sciatic nerve which produced lameness and numbness in his legs. The evidence would sustain a finding that he expended over $800 for physicians, dentists, hospitalization and for substitute teachers. It is found by the Court of Claims that the automobile was damaged to the amount of $154. Claimant is entitled to recover a judgment against the State for the sum of $12,500 for personal injuries and property damage.

HILL, P. J., RHODES, CRAPSER, BLISS and HEFFERNAN, JJ., concur.

Judgment in favor of the State reversed on the law and facts, with costs, and judgment directed in favor of claimant and against the State for the sum of $12,500.

The court reverses findings 5 and 6 contained in the decision of the Court of Claims, and findings 3, 9, 10, 12, 16, 17, 19, 20, 21, 22, 23, 26, 27, 28, 29 and 30 found by the Court of Claims and included in the printed record under the caption " State's requests to find," and reverses all of the findings of fact, if any, contained under the heading " Conclusions of Law " in the State's requests to find. This court finds as requested by claimant, Nos. 15, 16, 17, 18, 22, 23, 25, 26, 27, 28, 29, 30, 32, 33, 34, 36, 37 and 41 in addition to the requests made by claimant and granted by the Court of Claims, as appears in that portion of the printed case headed " Claimant's requests to find."