LILLIAN WALLACE, Respondent, v. ANGELINE BENNETT, as Administratrix, C. T. A., etc., of FRANK A. BENNETT, Deceased, and ANGELINE BENNETT, as Surviving Executor, etc., of EDNA E. BENNETT, Deceased, Appellants.— Judgment and orders affirmed, with costs. Memorandum: We find no reversible error in the court's having permitted plaintiff to testify that she had never driven a car. There was other evidence from which the jury could have found that Edna E. Bennett was driving her husband's car at the time of the accident. Indeed the fact was admitted by counsel for defendants in his opening to the jury. We also think the case can be distinguished from the case of Galbraith v. Busch (267 N. Y. 230) and like authorities, in which there was no direct proof of negligence and in which it was held that negligence could not be inferred in a case where an absence of negligence could be just as easily inferred. In the instant case direct proof of negligence is found in the proof that a speed of fifty or sixty miles an hour was maintained over a distance of a half-mile on a road that was rough and dangerous. After the action was commenced defendant Frank A. Bennett died, and by an order made and served on the administrator c. t. a. of his estate, the action was continued against such administrator, but no supplemental summons or complaint was served on the administrator. We do not understand that the service of the supplemental summons and complaint was compulsory under sections 86 and 87 of the Civil Practice Act. (See Flannery v. Sahagian, 109 App. Div. 321, decided under a similar provision of section 760 of the Code of Civil Procedure, and, see, also, 2 Carmody's New York Practice, § 796.) All concur. (The judgment is for plaintiff in an automobile negligence action. One order denies a motion for a new trial; the other order denies a motion of the defendant, Angeline Bennett, as administratrix c. t. a., etc., of Frank A. Bennett, deceased, to vacate the judgment entered against her and to open the default of said defendant.) Present — Crosby, P. J., Cunningham, Taylor, Dowling and Harris, JJ.

Petition of the BOARD OF SUPERVISORS OF ERIE COUNTY, under Section 90, Railroad Law, for an Order Determining How McKINLEY PARKWAY EXTENSION HIGHWAY Shall Cross the Railroads and Rights of Way Operated by the New York Central Railroad Co., and Others, in the City of Lackawanna, Erie County. (Case No. 5765.) — Motion for reargument denied, with ten dollars costs; motion for leave to appeal to the Court of Appeals denied. Present — Crosby, P. J., Cunningham, Taylor and Dowling, JJ.

In the Matter of the Petition of PETER I. WIESZCZECINSKI, Respondent, for an Award against the VILLAGE OF SLOAN, Appellant, and/or the TOWN OF CHEEKTOWAGA, etc.— Motion for reargument denied; motion for leave to appeal to the Court of Appeals denied. Present — Crosby, P. J., Cunningham, Taylor and Dowling, JJ.