MARIE T. DUFRESNE and CHARLES L. DUFRESNE, Respondents, v. CITY TAXI, INC., Appellant.— Plaintiff wife sued to recover damages for injuries sustained when a door of defendant's taxi, in which she was a passenger, was closed on her finger; while her husband sued for loss of services and expenses. Judgment reversed on the law and the facts and a new trial granted, with costs to appellant to abide the event, on the ground that the determination of the jury is against the weight of the evidence. As there is to be a new trial, we call attention to an error in the court's charge at folio 284. The degree of care thereby placed upon the operator of the taxicab was greater than the law imposes. (Vogel v. Laiso, 252 App. Div. 894.) Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ., concur.

STANLEY HARDING, Respondent, v. HARRY LEWIN, Appellant, and NORMAN BONITTO, Defendant.— The action is to recover damages for personal injuries sustained by plaintiff, a pedestrian, when he was struck by an automobile owned by the defendant Lewin and operated by the defendant Bonitto. Plaintiff recovered a verdict of $7,500 against both defendants and the court granted defendants' motion to set it aside unless plaintiff stipulate to reduce it to $3,500. Plaintiff so stipulated. Order, in so far as appealed from, denying defendants' motion to set aside the verdict, and judgment entered thereon, unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ.

In the Matter of the Election of Directors of the FLEETWOOD BANK. HENRY E. STOHLDREIER and WILLIAM C. STOHLDREIER, Respondents; FLEETWOOD BANK, WALTER S. McCLURE, HARRY C. PAPE, HAROLD D. TOOMEY, FREDERICK A. HUBEL and N. WILLIAM KNIGHT, Appellants; Mrs. GEORGE BAIN and Others, Intervenors, Appellants.— Order setting aside the election of directors of the Fleetwood Bank and a subsequent election of officers by such directors and ordering that the directors of the bank meet for the purpose of fixing a date for the calling of a stockholders' meeting for the purpose of electing directors to serve for the year 1940, affirmed, with ten dollars costs and disbursements. In our opinion the stockholders' meeting should be fixed for a date as early as may be consistent with the applicable provisions of law. No opinion. Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ., concur.