## BLASZYK v. EASTERN AUTO FORWARDING CO., Inc., et al.

### KLOSTERMAN v. SAME.

Nos. 176, 177.

Circuit Court of Appeals, Second Circuit.

March 16, 1943.

David B. Sugarman, of Syracuse, N. Y. (Arthur W. Burrows, of Syracuse, N. Y., on the brief), for appellants.

James C. Tormey, of Syracuse, N. Y. (Higgins, Tormey, O'Hara & Young, of Syracuse, N. Y., on the brief), for appellees.

Before SWAN, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

CLARK, Circuit Judge.

One wintry night on a snow-blanketed, three-lane highway between Geneva and Canandaigua, New York, a truck, owned by the Transport Carrier Service, Inc., and operated for Eastern Auto Forwarding Company, Inc., by Dominick Zummo, suddenly swerved into the right of way of an oncoming truck, operated by Robert Blaszyk. There was a devastating collision, both drivers were killed, and John F. Klosterman, a sleeping shift driver in Blaszyk's truck, was seriously injured. Klosterman and the administratrix of the estate of Robert Blaszyk instituted negligence actions against the Transport Carrier Service, Inc., and Eastern Auto Forwarding Company, suing in the federal court on the basis of diversity of citizenship of the parties. The actions were tried together, and the jury found for the plaintiffs. Defendants' appeals from the resulting judgments of recovery against them question the sufficiency of the evidence for the jury and the court's refusal to give a requested instruction to the jury.

There was but a single eyewitness to the collision, one Brown, who had only a limited and fleeting glimpse of what took place. He was driving his car 30 to 40 yards behind Blaszyk's truck, and had followed it for 10 to 12 miles, during which it maintained a fairly constant speed of about 30 miles per hour, staying on its own side of the road. Defendants' truck approached from the opposite direction and when it was 25 to 30 feet from Blaszyk's truck, it suddenly "turned and shot across the road" directly in the latter's path. Defendants' truck received the full force of the impact on its right front side and was spun completely around, coming to rest in the center of the road. Blaszyk's truck was knocked into the ditch.

Brown testified further that the road was slippery and covered with hard-packed snow, and that his own car had skidded at the point of the accident when he stopped to render assistance. Other witnesses who visited the scene of the accident said that there was ice on the highway. All agreed that the road was quite slippery, and that even walking was hazardous. There was no testimony, however, from Brown or anyone else that defendants' truck actually skidded or slipped onto the wrong side of the road.

The parties were at issue as to the speed of the trucks. Brown's evidence was that defendants' truck was coming "slow," but from other testimony given by him it was permissible for the jury to conclude that it was travelling at least thirty miles per hour, the rate he had estimated for the Blaszyk truck—for he said he had first seen the headlights of defendants' truck a quarter of a mile away and that the point of collision was five or six hundred feet from that point, but only four or five hundred feet from his point of observation. Against this there was testimony of another truck driver, one Bawn, working partner of Zummo, whose truck was ahead of Zummo's, that both were travelling at a speed of 15 to 18 miles per hour. Bawn said he kept check on Zummo through his rear-view mirror, and that when Zummo's headlights no longer reflected in his mirror he returned to the scene of the accident. N.Y. Vehicle and Traffic Law, Consol.Laws, c. 71, § 56, provides that a speed in excess of 20 miles per hour by any trucks of over two tons' capacity—as were both trucks

here—shall be "presumptive evidence" of driving at a rate of speed which is not careful and prudent.

As between the permissible inferences here, it was for the jury, not the court, to decide which should be drawn. Cf. United States v. Valenti, 2 Cir., 134 F.2d 362. The jury could thus have found that Zummo was travelling at a speed "presumptively" negligent under § 56; and while the defendants might still have shown extenuating circumstances, People v. Brown, Co.Ct., 33 N.Y.S.2d 58; Senchack v. Sterling, 252 App.Div. 894, 300 N.Y.S. 297, none were offered. Indeed, the slippery condition of the road tended rather to re-enforce the presumption of a reckless speed.

In addition, the accident occurred only after Zummo's truck had crossed the highway into Blaszyk's lane, in violation of N.Y.Vehicle and Traffic Law, § 81, sub. 26, § 82, sub. 5, and § 67, sub. 2, providing that vehicles in meeting shall keep to the right of the center of the road. This was further evidence of its negligent operation. N.Y. Vehicle and Traffic Law, § 58. Cf. Jayne v. Mason & Dixon Lines, 2 Cir., 124 F.2d 317; Fitzgerald v. Middlebrook, 249 App. Div. 701, 291 N.Y.S. 193; Dooley v. State, 254 App.Div. 381, 5 N.Y.S.2d 760, affirmed 280 N.Y. 748, 21 N.E.2d 518; Schwartz v. Fletcher, 238 App.Div. 554, 265 N.Y.S. 277.

A causal relation had also to be established between the statutory violations and the collision, and the violations must have been avoidable. Cf. McCormick v. Merritt, 232 App.Div. 619, 250 N.Y.S. 443. But we think an ample showing was made to meet both points. "A plaintiff is not, however, required to point out the particular act or omission which caused the accident. It is enough if he shows facts and conditions from which negligence of a defendant and the causation of the accident by negligence may be reasonably and legitimately inferred." White v. Lehigh Valley R. Co., 220 N.Y. 131, 136, 115 N.E. 439, 441. See, also, Ingersoll v. Liberty Bank of Buffalo, 278 N.Y. 1, 14 N.E.2d 828. Without speculating, as in Lahr v. Tirrill, 274 N.Y. 112, 8 N.E.2d 298, and Galbraith v. Busch, 267 N.Y. 230, 196 N.E. 36, where the only showing was that defendants' car skidded or swerved while going at a normal speed, the jury might reasonably have inferred here that the speed of defendants' truck on the slippery highway caused the driver to lose control over it and to swerve to the wrong side of the road to hit plaintiffs' truck. Cf. Wallace v. Bennett, 258 App.Div. 1033, 16 N.Y.S.2d 987, appeal denied 259 App.Div. 788, 18 N.Y.S.2d 751; Lee v. City Brewing Corp., 279 N.Y. 380, 18 N.E.2d 628; Rango v. Fennell, Sup.App. T., 168 N.Y.S. 646. And while Blaszyk, too, may have been speeding, it was for the jury to say whether that or Zummo's acts were the proximate cause of the accident.

Upon this background, it was also no error for the trial judge to refuse to instruct the jury that "skidding of itself is not negligence." Such an instruction here could have served only to confuse the jury by suggesting that its verdict might not be for plaintiffs even if the skid was caused by an excessive speed. Further, the lack of any definite evidence of a skid made this only an abstract proposition, with no referent in any of the facts of the case. The judge carefully cautioned the jury that defendants were not liable for an unavoidable accident; and this covered the situation fully and fairly.

Affirmed.