Respondent *895 sued on two causes of action, one for damages for the negligence of defendant which caused the death of the decedent, and the other for damages for the personal injury caused by such negligence, and for decedent’s pain and suffering preceding his death. On the cause of action for damages resulting from decedent’s death, plaintiff recovered judgment in the sum of $20,000, with interest from the date of death. On the cause of action for damages resulting from the personal injury and for decedent’s pain and suffering, plaintiff recovered judgment in the sum of $10,000. On this appeal, appellant contends that prejudicial error was committed by the trial court in the reception of evidence, and that the verdict was excessive, and asks that the judgment be modified by reduction of the amount or, in the alternative, that it be reversed and a new trial granted. It is our opinion that prejudicial error was committed in the reception, over appellant’s objection, of evidence as to the names and ages of decedent’s brothers and sister, and the financial condition of his father. (Lipp v. Otis Brothers é Co., 161 N. Y. 559; Murphy v. Erie R. R. Co., 202 N. Y. 242; McCormick v. Merritt, 232 App. Div. 619.) Since such error affects the entire verdict, it may not be cured by reduction of the verdict on the speculation that its “ injurious effects, when measured by the size of the verdict, have not exceeded a certain amount.” (Bishop v. New York Times Co., 233 N. Y. 446, 451; Nollwedel v. Duffy-Mott Co., Inc., 263 N. Y. 95, 106.) Judgment reversed on the law and a new trial granted, with costs to appellant to abide the event. The findings of fact implicit in the verdict have not been considered. Lewis, P. J., Hagarty, Carswell, Aldrich and Nolan, JJ., concur.