## JOHNSON v. UNITED STATES.
### Civil Action No. 7344.

District Court, E. D. New York.
Dec. 10, 1947.

---

Theodore J. Drach and Irving Ginsberg, both of Staten Island, N. Y., for plaintiff.

J. Vincent Keogh, U. S. Atty., of Brooklyn, N. Y. (Frank J. Parker, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for defendant.

GALSTON, District Judge.

This action is brought pursuant to the provisions of Federal Tort Claims Act, 28 U.S.C.A. § 931.

Carl Johnson, the decedent, was a deckhand employed by the City of New York, and was working as such on the ferryboat Knickerbocker on January 26, 1945, when he was struck by a Navy motor truck operated by Clifford F. Stein, Jr., a member of the Naval forces of the United States. Johnson died as the result of the accident.

It is claimed that at the time Stein was operating the truck negligently.

There was no eyewitness to the accident. Some of the facts are undisputed. At or about five o'clock on the morning in question, on reaching South .Ferry, New York City, Stein was directed to board the ferryboat by Donegan, a member of the crew. He was told to proceed along the left passageway, one of two passageways reserved for vehicles. The driver of the truck testified that he drove aboard at the lowest of the four forward speeds. About a minute after the truck had proceeded along the left hand passageway, Donegan heard someone shout, "Get an ambulance." Stein's story was that as he was proceeding towards the forward end of the ferryboat he saw a man (the decedent) walking towards the truck in the passageway. Stein stopped the truck at a distance from the man of about a length to a length and a half from Johnson. In order to get out of the way of the truck Johnson stepped up on the coaming to the right of the truck with his back to the bulkhead dividing the port and starboard passageways.

As Stein observed the deckhand step on the coaming he started his truck again at low speed. Then after about two-thirds of the truck passed the place where Johnson had stepped on the coaming, Stein felt a slight thud. He applied his brake and turned the ignition off.

Riding with the Navy driver was one Dupuis, also an enlisted man in the Navy. Dupuis' version of the accident was substantially that of Stein. Dupuis got out of the cab, walked along the cat-walk or coaming and found Johnson lying in the driveway with his head pointing to his left as he, Dupuis, was walking towards the New York shore, and his feet to the right.

The driveway was 8 feet, 7 inches wide. The truck body was 8 feet wide, with an overhang of possibly 2½ inches. From bulkhead to bulkhead was 10 feet, 7 inches. The coaming was one foot wide at either side, and five inches high, having an exterior rounded edge.

It is impossible from the record in this case to determine exactly what caused the accident. As has been said, there was no eye witness. It is entirely possible that Johnson slipped off the rounded edge of the coaming and in so doing came in contact with the body of the passing truck. Certainly the inference is warrantable that the cab of the truck went by without striking him. On the evidence one cannot conclude that the driver of the truck was negligent. He drove his truck where he was directed to drive it, and it must have been obvious to Donegan, the deckhand who directed the Navy truck to take the left hand passageway, that clearance from the side of the truck to either side of the coaming was narrow. There is no evidence of negligent driving, either as to failure to stop the truck to give Johnson an opportunity to get out of its path, or by driving the truck too fast, or by changing the direction in which the truck was moving. The plaintiff relies on Blaszyk v. Eastern Auto Forwarding Co., 2 Cir., 134 F.2d 600, 602, in which the New York law is quoted to the effect:

" 'A plaintiff is not, however, required to point out the particular act or omission which caused the accident. It is enough if he shows facts and conditions from which negligence of a defendant, and the causation of the accident by negligence may be reasonably and legitimately inferred.' White v. Lehigh Valley Railroad Co., 220 N. Y. 131, 136, 115 N.E. 439, 441."

The difficulty is that unlike the facts in Blaszyk v. Eastern Auto Forwarding Co., the plaintiff has not shown facts and conditions from which negligence of the defendant, and the causation of the accident by negligence of the defendant may be legitimately inferred. Nor can such negligence be inferred from the nature of the fractures of the ribs and pelvis which the decedent sustained, for those injuries do not explain what caused him to come in contact with the body of the truck.

It may be noted from the testimony of Donegan, the deckhand, that the deck of the ferryboat was wet at both ends, and that the spray created by the wind also made the decks wet. To sustain the plaintiff's cause of action here would require speculation such as in a jury trial would not be countenanced.

The complaint will be dismissed.

Concurrently herewith appropriate findings of fact and conclusions of law will be filed.