■ JOSIE T. BURNS et al., Appellants, v. JAMES DIXON et al., Respondents.— Appeal from a judgment of the Supreme Court, entered March 18, 1974 in Albany County, upon a verdict of no cause of action. This personal injury action arises out of an accident which occurred on August 17, 1971 at or near the intersection of Clinton Avenue and North Pearl Street, Albany, New York. Plaintiff, Josie T. Burns, was pushing her two-year-old infant daughter, Josita, in a stroller. This intersection was the construction site of the defendant Peter Kiewit Sons Co. Upon reaching the construction area which extended around the northwest corner of the intersection, the plaintiffs proceeded along a passage-way between two construction barricades which extended out into Clinton Avenue. As plaintiffs attempted to cross Clinton Avenue from the north to the south side on a green light, they were in collision with the defendant Dixon's truck which was turning from North Pearl Street into Clinton Avenue on the same green light. Both plaintiffs suffered injuries as a result of the collision. We are constrained to reverse the judgment and order a new trial in view of prejudicial error which occurred during the conduct of the trial. On his direct examination, defendant Dixon testified that his son and nephew were in the truck with him at the time of the accident. He also testified that there was one car ahead of him, a Sheriff's deputy's car which directly preceded him in traffic and made a right-hand turn into Clinton Avenue immediately before him. On cross-examination, defendant Dixon was confronted by plaintiffs' counsel with

a statement admittedly taken by an investigator on behalf of the plaintiffs and signed by defendant Dixon on the day following the accident. In that statement, defendant Dixon is alleged to have admitted that there were no cars ahead of him as he turned the corner, and further, that he had three children in his truck. The trial court refused to receive the statement into evidence instructing the jury that the statement could merely be used for "impeachment purposes and credibility of witnesses". This was an incorrect statement of the law and was clearly prejudicial to the plaintiffs. Extrajudicial admissions by a party are receivable as evidence of the facts admitted (*Gangi* v. *Fradus,* 227 N. Y. 452, 456; *Koester* v. *Rochester Candy Works,* 194 N. Y. 92; see, also, 4 Wigmore, Evidence [3d ed.], § 1048; Richardson, Evidence [10th ed.], § 210), and not solely for the purpose of discrediting the party by showing that he had made a statement inconsistent with his position at trial. (4 Wigmore, Evidence [3d ed.], § 1048.) The prejudice to the plaintiffs resulted because, had the proffered statement been received, there would have been evidence from which the jury might have found that there were four persons in the front seat of defendant Dixon's vehicle. This would have made section 1213 of the Vehicle and Traffic Law operative. This section provided: " (a) No person shall drive a motor vehicle when it is so loaded, or when there are in the front seat such number of persons as to obstruct the view of the driver to the front or sides of the vehicle or as to interfere with the driver's control over the driving mechanism of the vehicle. In no event shall there be more than three persons in the front seat of any vehicle, except where such seat has been constructed to accommodate more than three persons and there is eighteen inches of seating capacity for each passenger or occupant in said front seat. (b) No passenger in a vehicle shall ride in such a position as to interfere with the driver's view ahead or to the sides, or to interfere with his control over the driving mechanism of the vehicle." It has been held that a violation of this section is prima facie evidence of negligence which can then be overcome by evidence that the operator's vision in all directions was not impaired (*Senchack* v. *Sterling,* 252 App. Div. 894). The court would, as a result, have been required to instruct the jury that if they found that defendant Dixon had violated section 1213, it would then have to consider whether he had proven to their satisfaction that the violation did not contribute to the happening of the accident. Inasmuch as a new trial is required, we deem it necessary to point out that, upon the second trial, the instructions of the trial court as to the applicability of section 1111 of the Vehicle and Traffic Law must be more clearly set forth than was done in this case. The court must instruct the jury that if it finds that the plaintiff had come out from the barricaded area and was in the crosswalk in the process of crossing the street, the defendant operator was required to yield the right of way (*Loeb* v. *United Traction Co.*, 24 A D 2d 917). Since there must be a new trial as against the defendant Dixon, we conclude, in the interests of justice, there should also be a new trial against defendant Peter Kiewit Sons Co. Judgment reversed, on the law and the facts and in the interests of justice, and a new trial ordered, with costs to abide the event. Staley, Jr., J. P., Greenblott, Sweeney, Kane and Main, JJ., concur.